HAROLD E. SHIPPEE *vs.* BOARD OF ELECTIONS *et al.*

FEBRUARY 21 as of JANUARY 1, 1957.

PRESENT: Flynn, C. J., Condon, Andrews and Paolino, JJ.

PAOLINO, J.   This is a petition for certiorari to review and quash the record of the state board of elections declaring Lewis W. Hull elected representative in the general assembly from the town of Jamestown at the general election held in said town on November 6, 1956.   The respondent board, in compliance with the writ of certiorari, made return of its records pertaining to the election in question.   Thereafter Lewis W. Hull, hereinafter referred to as the intervenor, duly filed a motion to intervene and to take over the defense to the petition.   In open court the respondent board by its counsel consented thereto and thereupon we granted the motion.

The intervenor did not file any answer or plea to the petition and therefore the truth of the facts alleged therein are undisputed.   However, he did file a motion to dismiss the petition for certiorari on the ground that this court has no jurisdiction over the subject matter in view of article IV, sec. 6, of the constitution of this state, and because petitioner allegedly did not make timely objection before the board to the counting of certain civilian absentee and shut-in ballots.   The case was thereupon set down to a day certain for hearing on both the motion to dismiss and on the merits of the petition.

At the general election held on November 6, 1956 petitioner was the Democratic candidate for representative in the general assembly from the town of Jamestown and the intervenor was the Republican candidate for said office.   On election day petitioner received on the voting machines in the polling places throughout the town of Jamestown 635 votes and the intervenor received 607 votes.   In addition thereto each received a certain number of votes cast by members of the armed forces and the merchant marine of the United States in active service and absent from the state.   These votes were admittedly valid, since they were

cast according to legislation implementing article XXII of amendments to our constitution, and 26 of them were counted for the petitioner and 38 for the intervenor. The total votes for each candidate then stood as follows: 661 for petitioner and 645 for intervenor. On the basis of these admittedly valid votes petitioner had a clear majority of 16 votes, and if there were no other votes *legally* cast by qualified electors the board of elections should have declared the petitioner elected.

However, over the objection of petitioner the board also counted and tabulated certain civilian absentee and shut-in votes that were cast *before* election day purportedly under general laws 1938, chapter 319, as amended by public laws 1953, chap. 3204. This protest was made by petitioner *before* the completion of the count of all ballots and *before* the declaration of the result of the election. It was based on the contention that constitutionally none of the civilian absentee and shut-in electors had the right to vote in the first instance; that the votes cast "on or before" election day under the amended statute were invalid; and that the board had no authority or jurisdiction to count any of them. Notwithstanding the protest and request to segregate the envelopes and ballots, the board took the view and ruled that it had no authority to pass on the constitutional issue thus presented on the record, and that the amended statute must be followed literally unless and until this court determined that such statute was unconstitutional.

The instant case was argued with the case of *McGann* v. *Board of Elections,* 85 R. I. 223, 129 A.2d 341. The basic facts and issues are substantially the same in both cases. In our judgment the principles of law enunciated in that case apply equally to and govern the instant case.

For the reasons set forth in the *McGann* case, the motion to dismiss for lack of jurisdiction is denied; the petition for certiorari is granted; and the record of the action of the board in counting and tabulating certain civilian ab-

sentee and shut-in ballots contained in inner envelopes whereon it was clearly established by the jurat or official acknowledgment that such ballots had been cast *before* election day, together with the declaration of the result based thereon, is quashed. Pursuant to our decision in the instant case heretofore filed on January 1, 1957, the records certified to this court are ordered returned to the respondent board.

ANDREWS, J. I dissent for the reasons stated in my dissenting opinion previously filed in *McGann* v. *Board of Elections, supra.*

*John C. Burke, Daniel J. Murray,* for petitioner.

*Stephen F. Achille,* for respondent Board of Elections.

*Coleman B. Zimmerman, Alfred H. Joslin, Thomas H. Needham, Ray H. Durfee, Hinckley, Allen, Salisbury & Parsons, Tillinghast, Collins & Tanner, Albert A. Nutini, Harold H. Winsten,* for intervenors.