OPINION TO THE SENATE.

JANUARY 17, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

OPINION requested by SENATE concerning validity of proposal to authorize absentee and shut-in electors to vote on or before election day. Court declined to answer question because of ambiguity and suggested it might be preferable to resubmit it in a more detailed and specific form.

January 17, 1958

To the Honorable, the Senate
of the State of Rhode Island and
Providence Plantations

We have received from the honorable senate a resolution requesting, in accordance with the provisions of section 2 of article XII of amendments to the constitution of this state, our written opinion upon the following question of law:

"May the General Assembly of Rhode Island by an Act duly passed and approved by the Governor authorize electors of the State who are absent from the State or who by reason of old age, physical disability, illness or other physical infirmities are unable to vote in person being otherwise qualified to vote in the general election held bi-annually on the Tuesday next after the first Monday in November [to] cast their ballots by delivering them to the Board of Canvassers in the cities and towns wherein they are qualified electors on or before election day designating said Boards

of Canvassers as their agents to cast their ballots by authorizing said Board to deposit the ballots in a box duly provided for such purpose on election day?"

At the time we received the resolution we were burdened with a large number of cases which we had heard early in the term and which, because of a vacancy on the court, we were unable to dispose of as promptly as we would have liked. Because we felt that the litigants in those cases should be accorded consideration before we devoted any attention to requests for opinions, we were not able to attend to the above question before the 1957 session of the senate was adjourned.

Upon the opening of the October 1957 term of the court we endeavored to consider this question along with one from the honorable house of representatives and another from your honorable body, each of which has now been answered. However, early in our study of the instant question we were retarded by its ambiguity. It is not clear from the context whether the legislation contemplated by your question would authorize absentee and shut-in electors to "cast their ballots by delivering them to the Board of Canvassers" or whether they are to designate the board as their agents "to cast their ballots." It is of vital importance to know which of these actions such legislation would declare to be the vote of the elector in order for us to pass judgment in advance on its constitutional validity.

We have tried in a variety of ways to reframe or "to break down" the question so as to avoid, if possible, what seems to us to be an ambiguity which must be resolved before we would be justified in passing upon the constitutionality of any proposed legislation. We have concluded that in the present state of the question it would not be safe to venture an opinion.

We cannot overlook the fact that the question involves an admittedly radical departure from the traditional exercise of the franchise as we have known it for over a century.

Nor can we forget that it trenches upon the vital question which this court decided in *Roberts* v. *Board of Elections,* 85 R. I. 203, 129 A.2d 330, *McGann* v. *Board of Elections,* 85 R. I. 221-223, 129 A.2d 341, *Gobeille* v. *Board of Elections,* 85 R. I. 221, 246; 129 A.2d 353, and *Shippee* v. *Board of Elections,* 85 R. I. 221, 222, 249; 129 A.2d 355. Those litigated cases established the law that no absentee or shut-in elector could be authorized to cast his vote for the officers listed in article XVI of amendments to the state constitution otherwise than on election day.

An opinion of the judges of this court on a question propounded by your honors under sec. 2 of article XII of amendments to the constitution should be given only in response to a question so clearly stated that there can be no possibility of creating confusion in the minds of your honors or of the general public that the law as thus settled by the above-cited cases was susceptible to modification by legislation. In view of the subject matter of the question and the climate of opinion in which it is enveloped, perhaps it would be preferable if your honors would submit for our opinion a draft bill specifically and definitely providing how, when, and for what purposes the absentee and shut-in electors would be authorized to appoint an agent to act for them. We regret that this course may conceivably entail further delay. Nevertheless we respectfully suggest to your honors that the proposed legislation contemplated by your question involves matters which above all others call for no more than "deliberate speed."

For the reasons stated, we are constrained to forego any attempt to clarify the question and to express an opinion thereon.

FRANCIS B. CONDON
THOMAS H. ROBERTS
HAROLD A. ANDREWS
THOMAS J. PAOLINO